UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN DERY, Individually and as Personal Representative of the Estate of MARLENE COSTELLO, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> LANDES TRUCKING, INC. & GERARD A. MESMAN, <br><br> Defendants. | Case No. 4:13CV2333 CDP |

## **MEMORANDUM AND ORDER**

Defendants Landes Trucking Inc. and Gerard A. Mesman have filed motions to dismiss, strike or, alternatively, for a more definite statement as to the portions of plaintiff's complaint relating to aggravating circumstances. The time for opposition has passed without response from plaintiff. Because plaintiff's pleadings as to aggravated circumstances are no more than recitations of legal standards, I will grant the defendants' motions and dismiss plaintiff's claims related to aggravated circumstances.

Plaintiff has filed a motion to compel related to plaintiff's interrogatories and document requests. The motion to compel fails to state that the parties have met and conferred in a good faith attempt to resolve this dispute, as required by

Local Rule 37-3.04 and by Rule 37(a)(1), Fed. R. Civ. P. In their response, defendants agreed to supplement the information previously provided. I will order defendant to supplement its responses as it indicated it was willing to do, and I will otherwise deny the motion without prejudice for failure to comply with Local Rule 37-3.04.

**Background**

Landes Trucking employed Gerard Mesman as a truck driver. While driving for Landes, Mesman operated a Landes-owned truck at a speed excessive for the conditions and collided with a vehicle operated by Marlene Costello. In doing so, Mesman acted "negligently and carelessly." Costello later died from injuries received in the collision, and her grandson was appointed as her estate's personal representative.

The complaint includes the following counts relating to the aggravated circumstances surrounding Costello's injuries:

> Aggravating circumstances were attendant to the death of Marlene Costello, including but not limited to:
> a. Defendant's willful, wanton, and reckless operation and maintenance of the motor vehicle involved in the collision of September 9, 2013 indicative of indifference to the consequences of Marlene Costello and others.[1]

Both Landes Trucking and Mesman have filed nearly identical motions to dismiss the aggravated circumstances claims. They ask, in the alternative, that the

---
[1] Count III, ¶ 10; Count IV, ¶ 9.

paragraphs containing the claims be stricken or for a more definite statement.  The motions are unopposed.

## Standard for Motion to Dismiss

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff.  *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).  The court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted).  The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## Discussion

Missouri treats damages for aggravating circumstances similar to punitive damages. *See Bennett v. Owens-Corning Fiberglass Corp.*, 896 S.W.2d 464, 466 (Mo. banc 1995) ("[A]ggravating circumstance damages are punitive in nature . . . ."). Although punitive damages may be predicated upon negligent conduct, *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Prods., Inc.*, 700 S.W.2d 426, 436 (Mo banc. 1985), they can be sustained only where it is alleged that defendant knew or had reason to know that the conduct was substantially likely to harm. *See id.* at 435-36.

Plaintiff fails to assert any facts establishing that a claim for punitive damages might be plausible. Instead, plaintiff alleges that aggravating circumstances exist because of Mesman's "willful, wanton, and reckless operation and maintenance of the motor vehicle." This threadbare and conclusory statement lacks the facts necessary to state a claim as to punitive damages – that Mesman and Landes knew the acts were substantially likely to cause harm. *See* Iqbal, 556 U.S. at 678.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss plaintiff's allegations of aggravating circumstances for failure to state a claim [## 24; 27] are granted.

<mark>
</mark>

**IT IS FURTHER ORDERED** that defendant shall supplement its discovery responses as indicated in its response to the motion to compel, and plaintiff's Motion to Compel [#29] is otherwise denied without prejudice for failure to meet and confer and attempt to resolve the issue without court intervention.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this  16th  day of June, 2014.